PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
**FILED**

MAR 02 2018 MMM

IN THE UNITED STATES DISTRICT COURT

David J. Bradley, Clerk
Laredo Division

FOR THE _Southern_ DISTRICT OF TEXAS

_Laredo_ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

_Barry Dwayne Minnfee_
**PETITIONER**
(Full name of Petitioner)

_Allred Unit 2101 FM 369 N._
_Iowa Park, TX 76367_
**CURRENT PLACE OF CONFINEMENT**

vs.
_FBI Houston chief Steven J. et al_
_Kunke Moeller_
_One Justice Park Dr. Houston Tx 77092_
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_#1300468_
**PRISONER ID NUMBER**

**CASE NUMBER**
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, (Answer Questions 1-4, 5-12 & 20-25) probation or deferred-adjudication probation.
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- [x] Other: Speedy Trial Act Plan (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 156 District Court Bee County Judge Joel B. Johnson

2. Date of judgment of conviction: 4-11-13

3. Length of sentence: Dec CyA 32.15 acc pSw 7669 - Final Judgment

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Munoz v. Corru et al. No B-12-1540-cv-B

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☒ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? ~~First~~ Court of Appeals Corpus Christi.  Cause Number (if known): Unknown

   What was the result of your direct appeal (affirmed, modified or reversed)? Final Judgment

   What was the date of that decision? unknown

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: Notice To Appear

   Result: filed pending

   Date of result: 11-30-17   Cause Number (if known): 07-17-00331-CR
   PD-1197-17

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Court of criminal appeals

    Nature of proceeding: 11.07 - Habeas Corpus.

    Cause number (if known): 49-678-D

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

stamped date from the particular court: 11-30-17

Grounds raised: Notice to Appear.

Date of final decision: First is Eighth 2018 — 1-8-18

What was the decision? Reentry ordered documents for release

Name of court that issued the final decision: Julie Alexander OBS manager
OSB — FOIA no. 2018-127026

As to any second petition, application or motion, give the same information:

Name of court: OSG — FOIA

Nature of proceeding: FOIA

Cause number (if known): no. 2018-127026.

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: 12-4-17

Grounds raised: 28-USC 2254(a) Allows a District Court to entertain an Application for a Writ of Habeas Corpus Violation of the constitution or laws or treaties of the US.

Date of final decision: Transferred

What was the decision? Dismissed.

Name of court that issued the final decision: USDC N.D of TX Amarillo

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: NA

   NA

   (b) Give the date and length of the sentence to be served in the future: NA

   NA

   (c) Have you filed, or do you intend to file, any petition attacking the judgment for the

—4—  Rev. 09/10

      sentence you must serve in the future? ☐ Yes ☑ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____NA_____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☑ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☑ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☑ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____NA_____

    Disciplinary case number: _____NA_____

    What was the nature of the disciplinary charge against you? _____NA_____

18. Date you were found guilty of the disciplinary violation: _____NA_____

    Did you lose previously earned good-time days? ☐ Yes ☑ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____NA_____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____NA_____
    _____NA_____
    _____NA_____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☑ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____NA_____

    Date of Result: _____NA_____

Step 2  Result: _____ -NA-_____

Date of Result: _____ -NA-_____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Speedy Trial Act plan - 11-03-14 Letter of Investigation and prosecution unit chief Lee W. Harbaugh, IPU-ILS-INSD, FBI. A

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Response to Letter of Investigation - from the FBI Associate Division Counsel, FD-302 placed on it. Area Ake.no. Letter of Investigation and prosecution Time within which an indictment or information must be filed. Time limits If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment or information subsequently filed in connection with such charge shall be filed within 30 days of arrest or service 3661(b) no complaint filed.

B. **GROUND TWO:** Search warrant - or seizure warrant Electronic surveillance or Tracking device warrant found - for pen register - 8-14-09 - no. 200919306

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Region IV. Jim Garcia - no evidence of duplicating surveillances or listening devices around you - no action listening devices - duplicating surveillances - KPD. 104 - 106 - 110 - 110 - 202 - 207 - 203 - 205 --- 1-8-15. Minnker v. Stephens; 4:14-CV-2304 - no outside agency requesting personal information on you. no action no. 2014195857 - 5-5-14 - no. 2014117295 FBI. US marshals US attorneys - Fifth Circuit not on units no action 3-3-13 - no. 2014062981. Tx Rangers DPS, OIG. Amarillo police - not on units - no action 6-18-14 - no 2015403929 - no public officials application on file

Rev. 09/10

C. **GROUND THREE:** Reentry - Julie Alexander 1-8-18 - SSI card, Birth certificate - order for release - pg. 1-2 - Order your I.D. Documents - Why are these? You are being seen today because you meet the eligibility

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): criteria to order your certified birth certificate and replacement SSI card. When TDCJ receives your birth certificate and SSI card you will be reviewed and if eligible a DPS I.D. card will be ordered. If you are a veteran you can have your DD-214 ordered. These ID documents will be important upon release as you work to find housing, employment, benefits, etc. What is the eligibility criteria? No active felony or ICE detainers (excludes state jail detainers) and must be a legal resident of the U.S. If I order my documents will I have to stay in prison longer to wait for them to come in? No, ordering your documents will not affect your release date.

D. **GROUND FOUR:** Memorandum Opinion and Order - Minkey, Director TDCJ, no. 9:17-cv-205 - The above -

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): styled action was referred to the undersigned Magistrate Judge pursuant to 28 USC 636 and the local Rules for the assignment of Duties to the US Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. 28 USC 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he is in custody in violation of the constitution or laws or treaties of the U.S."

21. Relief sought in this petition: 1-30-18 - Chairman - I.T. Sec - offender location Bex - Duties of Law Enforcement and Related Agencies - Presentation of Accused for Appointment of Counsel - Federal Law Enforcement and Prosecutorial Agencies - Probation officers and PSA officers in this district. Arrange to have the person promptly presented before a judicial officer for determination of financial eligibility and appointment of counsel - 2-9-15 FBI Chief William G. McKinsey, your TX's non federal arrest data - pay $5.00 fee - 2254 habeas corpus.

-7-   Rev. 09/10

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☒ Yes   ☐ No
    If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    8-10-2014 — Minnken v. Stephens 4:14 cv-2304
    1-9-15 — 4-15-15 offenders location Be Kelly Elm
    Dec cyA 32 vs QCc ABW 7669

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes  ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☒ Yes    ☐ No

    If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    Ground one - Speedy Trial act - Just realize.
    It was violated. By the FBI in other officials
    no Authority to be inside.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes   ☐ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.  D-D-1197-17   11-30-17

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:  Self
    (b) At arraignment and plea:  Self
    (c) At trial:  Self
    (d) At sentencing:  Self
    (e) On appeal:  Self
    (f) In any post-conviction proceeding:  Self

(g)  On appeal from any ruling against you in a post-conviction proceeding: __Self__

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

It does not Bar one-year Statute of limitation. 1-8-18 Documents ordered for my release no Art vs Felony

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

2-26-18 _____ (month, day, year).

Executed (signed) on 2-26-18 _____ (date).

#1300468
_____
Signature of Petitioner (required)

Petitioner's current address: Allred Unit 2101 FM 369 north Iowapark, TX 76367